UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                           :

DANNY HORNE,                               :

                         Plaintiff,           :

                                             :                          21-CV-2630 (JMF)

           -v-                             :

                                             :                      ORDER OF SERVICE

CYNTHIA BRANN, N.Y.C. D.O.C. COMMISSIONER;   :
PATSY YANG, VICE PRESIDENT N.Y. HEALTH +
HOSPITALS FOR CORRECTION; MARGARET         :
EGAN, BOARD OF CORR. EXEC. DIR.,

                                             :

                         Defendants.         :

                                             :

-------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff, currently detained in the Vernon C. Bain Center ("VCBC"), brings this *pro se*

action under 42 U.S.C. § 1983.  He alleges that Defendants violated his federal constitutional

rights by failing to protect him from contracting COVID-19.  By order dated May 13, 2021, the

Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma*

*pauperis* ("IFP").[1]

**DISCUSSION**

**A.      Defendants Yang and Egan**

       Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Yang and Egan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## B.     Defendant Brann

The Clerk of Court is also directed to notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that Commissioner Cynthia Brann waive service of summons.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an

information package.

The Clerk of Court is further instructed to issue summonses, complete the USM-285

forms with the addresses for Defendants Yang and Egan, and deliver to the U.S. Marshals

Service all documents necessary to effect service on these Defendants.

The Clerk of Court is also directed to electronically notify the New York City Department

of Correction and the New York City Law Department of this Order. The Court requests that

Defendant Commissioner Cynthia Brann waive service of summons.

SO ORDERED.

Dated:  May 25, 2021
        New York, New York _____
                                    JESSE M. FURMAN
                                United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.      Patricia Yang
        Senior Vice President for Correctional Health Services
        for NYC Health + Hospitals
        55 Water Street
        18th Floor
        New York, New York 10041

2.      Margaret Egan
        Executive Director of the Board of Correction
        1 Centre Street
        Room 2213
        New York, New York 10007